UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE DAVID LAINEZ BUESO, | CASE NO. C25-1748-KKE |
| Petitioner(s), | ORDER DENYING HABEAS PETITION |
| v. | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT FIELD OFFICE DIRECTOR, | |
| Respondent(s). | |

Petitioner Jose David Lainez Bueso has pending removal proceedings and has been detained since February 2024. Dkt. No. 14 ¶¶ 4–5. His order of removal is currently on appeal to the Third Circuit Court of Appeals, which stayed his removal while that appeal is pending. *Id*. ¶ 12. In September 2025, Petitioner filed a petition for a writ of habeas corpus under 28 U.SC. § 2241 requesting release. Dkt. Nos. 1, 7. The Government[1] filed a return, arguing that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and is not entitled to any additional process. Dkt. No. 13.

This matter was previously referred to a United States Magistrate Judge, who recommended that the petition be denied, and the Court sustained Petitioner's objections thereto.

---

[1] In this order, the Court refers to the federal Respondent—Immigration and Customs Enforcement ("ICE") Field Office Director—as "the Government."

ORDER DENYING HABEAS PETITION - 1

Dkt. Nos. 18, 19, 22.  The parties have provided supplemental briefing, as ordered by the Court, and the petition is now ripe for resolution.  *See* Dkt. Nos. 24, 25, 26.

For the following reasons, the Court finds that Petitioner's due process rights have not been violated and the Court will therefore deny the petition.

## I.    BACKGROUND

Petitioner is a native and citizen of Honduras who entered the United States in 2019 on a visa that allowed him to stay until February 2020.  Dkt. No. 15-1 at 4.  Petitioner did not leave the country before that time or apply for an extension, and in February 2024 ICE agents approached him after he was released from jail on a misdemeanor conviction.  *Id*. at 3–4.  He was issued a notice to appear and charged with removability under 8 U.S.C. § 1227(a)(1)(B).  *Id*. at 6.  The Government detained him at that time and he has remained detained since that time, in multiple facilities.  *Id*., Dkt. No. 15-2.

Petitioner's merits hearing was held in October 2024, and an immigration judge thereafter denied his request for relief and ordered him to be removed to Honduras.  Dkt. No. 15-3.  Petitioner appealed the immigration judge's denial of relief to the Board of Immigration Appeals, which dismissed his appeal.  Dkt. No. 15-4.  In April 2025, the Government learned that Petitioner filed a petition for review with the Ninth Circuit Court of Appeals, which issued a temporary stay of removal.  Dkt. No. 14 ¶ 9.  Petitioner's appeal was transferred to the Third Circuit Court of Appeals, which granted Petitioner's motion for a stay of removal, finding it likely that he would succeed on his claim for withholding of removal based on his membership in a particular social group.  *See Lainez Bueso v. Attorney General*, No. 25-1989 (3d Cir. 2025) (Dkt. No. 22).  The Third Circuit stay remains in effect while the merits of the appeal are briefed.  Dkt. No. 25.

Petitioner requested a bond hearing, which was held in August 2025.  Dkt. No. 15-5.  The immigration judge denied bond, finding that Petitioner was a danger to the community and/or a

ORDER DENYING HABEAS PETITION - 2

flight risk.[2]  *Id.*  Petitioner filed a petition for a writ of habeas corpus requesting immediate release from detention or, in the alternative, a bond hearing.  Dkt. No. 7.

For the following reasons, the Court will deny the habeas petition.

## II.  ANALYSIS

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  In this case, Petitioner contends that his arrest and detention violate, among other things, the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. CONST. AMEND. V.  The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."  *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  Determining whether an administrative procedure provides the process constitutionally due

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

---

[2] Although Petitioner initially appealed that determination, he subsequently withdrew his appeal.  Dkt. No. 21-1.

ORDER DENYING HABEAS PETITION - 3

*Id*. at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews'* three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206–07 (9th Cir. 2022). The Court will consider each *Mathews* factor in turn to determine whether Petitioner received the process appropriate to his circumstances.

**A.      Petitioner's Detention Is Governed by 8 U.S.C. § 1226(a).**

To determine whether Petitioner's detention complies with due process, the Court must first determine the statutory authority governing Petitioner's detention. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008) ("Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention.").

Although Petitioner does not identify a particular applicable detention authority in his petition, the Court agrees with the Government that Petitioner's detention is governed by 8 U.S.C. § 1226(a) because he is a noncitizen awaiting a final decision on whether he should be removed. *See* Dkt. No. 13 at 4. The Government acknowledges that Petitioner is entitled to a bond hearing, which he has received, and argues that he is now lawfully detained consistent with the immigration judge's order denying bond on the grounds that Petitioner is a danger to the community or a flight risk. *See* Dkt. No. 15-5 at 2. The Court will thus turn to address whether, under *Mathews,* Petitioner has been afforded due process consistent with 8 U.S.C. § 1226(a).

**B.      Petitioner Has a Protected Interest in His Liberty.**

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). That Petitioner has been detained for more than two years later undoubtedly presents a deprivation of Petitioner's interest in his liberty. Accordingly, the first *Mathews* factor favors Petitioner.

ORDER DENYING HABEAS PETITION - 4

## C.   The Risk of Erroneous Deprivation Is Low.

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest. Here, the Court finds a low risk of erroneous deprivation of Petitioner's liberty interest given that he is entitled to and has received a bond hearing that complies with the requirements approved by the Ninth Circuit in *Rodriguez Diaz*. If Petitioner had previously been detained and released based on individualized findings of danger to the community or flight risk, then the Court would find that he was entitled to a pre-deprivation hearing. *See, e.g.*, *E.A. T.-B. v. Wamsley,* 795 F. Supp. 3d 1316 (W.D. Wash. 2025). That Petitioner's custody status was initially determined by an immigration judge at an individualized bond hearing provides sufficient procedural safeguards here, particularly because Petitioner can appeal that determination or request a new bond hearing based on changed circumstances. *See, e.g.*, *Rodriguez Diaz*, 53 F.4th at 1209–12.

Thus, the second *Mathews* factor favors the Government.

## D.   The Government Has a Valid Interest in the Orderly Administration of Removal Proceedings.

In applying the final *Mathews* factor, the Court considers the Government's interest in re-detaining Petitioner. The Court finds that the Government "clearly has an interest in detaining removable non-citizens under certain circumstances to the extent needed to ensure that they do not abscond or commit crimes." *Arshad v. Noem*, No. C26-726-RSM, 2026 WL 864737, at *3 (W.D. March 30, 2026). Where, as here, a petitioner has been found ineligible for bond due to concerns of danger to the community or risk of flight, in a determination that can be appealed to the Board of Immigration Appeals or revisited upon a showing of changed circumstances, the Court finds that the third *Mathews* factor favors the Government.

When the factors are considered together, the Court finds that the *Mathews* factors weigh in the Government's favor overall: the Court is "not convinced that Petitioner has demonstrated a liberty interest in his release requiring any additional due process protections than Petitioner has already received." *Obando Padilla v. LaRose*, No. 3:26-cv-01459-RBM-JLB, 2026 WL 1002047, at *2 (S.D. Cal. Apr. 13, 2026) (quoting *Li v. Larose*, No.: 26-CV-1614 JLS (MMP), 2026 WL 948362, at *2 (S.D. Cal. Apr. 8, 2026)).

Although the Court will deny the petition, the Court notes that Petitioner's briefing also references his difficulty accessing medical treatment while in detention. *See, e.g.*, Dkt. No. 7 at 3, Dkt. No. 26 at 1–2. While Petitioner's description of the conditions of his confinement does not rise to the level of a constitutional violation (see Dkt. No. 18 at 5–6), the Court will deny the petition without prejudice to filing a new petition if the conditions deteriorate.

### III.   CONCLUSION

For these reasons, the Court DENIES the habeas petition without prejudice.  Dkt. No. 7.

Dated this 27th day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING HABEAS PETITION - 6